UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRUCE E. ELLISON, M.D.,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN BOARD OF ORTHOPAEDIC SURGERY, INC.,<br><br>Defendant. | Civil Action No. 16-8441 (KM)<br><br>OPINION AND ORDER |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Plaintiff Bruce E. Ellison, M.D. ("Plaintiff") for leave to file an Amended Complaint [Dkt. No. 21]. Defendant American Board of Orthopaedic Surgery, Inc. ("ABOS" or "Defendant") opposes Plaintiff's motion [Dkt. No. 24]. For the reasons set forth below, Plaintiff's motion to amend [Dkt. No. 21] is **GRANTED.**

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff's initial Complaint in this matter was filed in the Superior Court of New Jersey, Union County, on April 8, 2016. *See* Dkt. No. 1, Ex. A. Plaintiff's Complaint seeks damages arising from Defendant's refusal to allow Plaintiff to take the oral portion of its Board Certification examination. According to the Complaint, Defendant's Board Certification examination is a two-part examination with a written portion ("Part I") and an oral portion ("Part II"). Plaintiff claims that he sat for, and passed, Part I of the exam in Chicago and subsequently, in April 2012, received approval from Defendant to take Part II of the exam in July 2012. However, in June 2012, Defendant allegedly reversed its approval and refused to allow Plaintiff to take Part II of the exam. Although Plaintiff contends that the reasons provided for Defendant's refusal to allow him to take

Part II of the exam are "contradictory and ever changing," Plaintiff's allegations imply that he was not permitted to sit for Part II of the exam because he does not meet Defendant's requirement that a physician must have admitting and surgical privileges at a hospital in order to take Part II of the exam. Compl. at ¶ 22. Plaintiff's Complaint alleges that Defendant's conduct violated the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8-1, *et seq.*, and the New Jersey Antitrust Act, N.J. Stat. Ann. § 56:9-1, *et seq.*, and seeks treble damages, attorneys' fees, and declaratory and injunctive relief requiring Defendant to allow him to take Part II of the exam.

Defendant removed the action to this Court on November 11, 2016 pursuant to 28 U.S.C. § 1441, citing this Court's jurisdiction under 28 U.S.C. § 1332(a). Thereafter, Defendant moved to dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(1), (2), (3) and (6). *See* Dkt. No. 4. The Court granted Defendant's motion to dismiss pursuant to Rule 12(b)(1) noting that "[t]he vagueness of the Complaint makes it difficult to discern what, if anything, connects Dr. Ellison, ABOS, and any wrongful acts to the State of New Jersey." Dkt. No. 17 at p. 5. Finding that Plaintiff had failed to state a claim, the Court did "not reach, or prejudice" the issues related to personal jurisdiction, venue and standing raised by Defendant and made the dismissal of Plaintiff's Complaint without prejudice to the filing of a motion to amend.

Plaintiff subsequently filed the present motion seeking leave to amend his Complaint. Plaintiff's Amended Complaint contains additional factual allegations and states only a single cause of action asserting that Defendant's conduct constitutes a restraint of trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. The proposed Amended Complaint does not include either cause of action asserted in Plaintiff's initial Complaint.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." The decision to grant leave to amend rests within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research Inc.,* 401 U.S. 321, 330 (1970). In determining a motion for leave to amend, Courts consider the following factors: (1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of the amendment. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In addition, "[t]he Third Circuit has consistently emphasized the liberal approach to pleading embodied by Rule 15." *Endo Pharma v. Mylan Techs Inc.*, 2013 U.S. Dist. LEXIS 32931, at *4 (D. Del. Mar. 11, 2013). The Court should only deny leave when these factors "suggest that amendment would be 'unjust'. . . ." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006).

Defendant does not cite to Federal Rule of Civil Procedure 15 or explicitly reference any of the factors considered by the Court when deciding a motion to amend. Defendant appears to claim that Plaintiff's proposed amendments are futile because the Amended Complaint suffers from the same defects as the initial Complaint. Specifically, Defendant asserts that the Amended Complaint "again fails to establish that this Court possesses personal jurisdiction over [Defendant], that this District in an appropriate venue or that [Plaintiff] has standing to bring the purported antitrust claim . . . [n]or does Plaintiff demonstrate any likelihood of his ability to state a claim for relief under the Sherman Act." Dkt. No. 24 at p. 4.

An amendment will be considered futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imps., Inc.,* 133 F.R.D. 463, 468 (D.N.J. 1990) (citations omitted). In determining whether an amendment is insufficient on its face, the Court employs the same standard as in a Rule 12(b)(6) motion to dismiss. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997) (citation omitted). Under a Rule 12(b)(6) analysis, the question is not whether the movant will ultimately prevail, and detailed factual allegations are not necessary to survive such a motion. *Antoine v. KPMG Corp.,* 2010 WL 147928, at *6 (D.N.J. Jan. 6, 2010). If a proposed amendment is not clearly futile, then denial of leave to amend is improper. *Meadows v. Hudson County Bd. of Elections,* 2006 WL 2482956, at *3 (D.N.J. Aug. 24, 2006).

While Defendant may indeed be correct in its assertions, because its arguments regarding personal jurisdiction, venue and standing were not addressed by the Court in connection with Defendant's initial motion to dismiss, and because Plaintiff's proposed Amended Complaint contains additional factual allegations and a newly asserted cause of action, it appears to the Court that a ruling on Defendant's arguments in the context of the present motion would require legal determinations better suited for a motion to dismiss. Accordingly, because the Court declines to find at this juncture that Plaintiff's proposed amendments are clearly futile and because Defendant makes no argument that the remaining factors considered under Rule 15 weigh against allowing Plaintiff to amend, Plaintiff's motion for leave to file an Amended Complaint is **GRANTED**.

### III. CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 24th day of April, 2017,

**ORDERED** that Plaintiff's motion for leave to file an Amended Complaint [Dkt. No. 21] is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall file and serve his Amended Complaint within **seven (7) days** from the date of this Order.

    s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**