Andrew L. Schlafly (AS4533)
Attorney at Law
939 Old Chester Rd.
Far Hills, NJ 07931
(908) 719-8608
*Attorney for Plaintiff Bruce E. Ellison, M.D.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **BRUCE E. ELLISON, M.D.,** | ) |
| **Plaintiff,** | ) ) ) ) Civil Action |
| vs. | ) ) 2:16-cv-08441-KM-JBC |
| **AMERICAN BOARD OF ORTHOPAEDIC SURGERY, INC.,** | ) ) ) ) |
| **Defendant.** | ) ) |

## AMENDED COMPLAINT

Bruce E. Ellison, M.D. ("Dr. Ellison" or "Plaintiff") seeks declaratory and injunctive relief and damages against the American Board of Orthopaedic Surgery, Inc. ("ABOS" or "Defendant"), as follows:

### Nature of the Action

1. Dr. Ellison brings this action based on a federal antitrust law violation by the ABOS in restraining trade in his specialty of orthopedic surgery, in the State of New Jersey.

2. Concerted action by Defendant ABOS with one or more hospitals in New Jersey impose the requirement that Dr. Ellison must have Board Certification

by Defendant ABOS in order to obtain medical staff privileges at those hospitals.

3. As a return benefit to hospitals, Defendant ABOS prevents Dr. Ellison from obtaining Board Certification by ABOS unless he first has hospital medical staff privileges, thereby reducing competition to hospitals by surgeons who practice exclusively at ambulatory surgery centers or elsewhere, as Dr. Ellison does.

4. The tying of these requirements makes it impossible for Dr. Ellison to obtain either medical staff privileges in northern New Jersey or Board Certification by Defendant ABOS, in violation of Section 1 of the Sherman Act.

5. Exceptions to those requirements are made for physicians who have recently completed their residency, which are inapplicable to Dr. Ellison at this stage in his career.

## The Parties

6. Plaintiff Dr. Ellison holds a medical license in good standing with the State of California, and currently sees patients in El Cerrito, Contra Costa County, and additional locations in California.

7. Defendant ABOS is a nonprofit entity incorporated in the State of Delaware.

8. The twelve active directors and officers of Defendant ABOS reside in nine different states. In addition, the two Directors-Elect reside in Tennessee and Pennsylvania, and the public member resides in Iowa.

## Jurisdiction

9. This action arises under Section 16 of the Clayton Act, 15 U.S.C. § 26, to secure equitable relief against a continuation of the violations by Defendant ABOS of Section 1 of the Sherman Act, 15 U.S.C. § 1, and under Section 4 of the Clayton Act, 15 U.S.C. § 15, to recover treble the amount of damages incurred by Plaintiff as a result of Defendant's violations.  Interstate commerce for medical services is substantially affected by Defendant's conduct alleged herein.  This court has subject matter jurisdiction here under 28 U.S.C. §§ 1331 and 1337(a).

## Venue

10. Venue is proper in the United States District Court for New Jersey, under 15 U.S.C. § 22 and 28 U.S.C. § 1391, because Defendant has encouraged and colluded with hospitals here in New Jersey to require Defendant's Board Certification as a condition of medical staff privileges.  In addition, Defendant administers a portion of its Board Certification examination here in New Jersey, conducts on-site reviews here, and garners substantial annual revenue directly from physicians located here.

## Bylaws Requirements in New Jersey

11. The largest hospital system in New Jersey, RWJBarnabas Health, expressly requires Board Certification in order to obtain medical staff privileges.

12. This requirement by RWJBarnabas Health applies to the hospitals throughout its massive system, including the following hospitals:

Clara Maass Medical Center, Belleville

        Community Medical Center, Toms River
        Jersey City Medical Center, Jersey City
        Monmouth Medical Center Southern Campus, Lakewood
        Monmouth Medical Center, Long Branch
        Newark Beth Israel Medical Center, Newark
        Robert Wood Johnson University Hospital Hamilton
        Robert Wood Johnson University Hospital New Brunswick
        Robert Wood Johnson University Hospital Somerset
        Robert Wood Johnson University Hospital Rahway
        Saint Barnabas Medical Center, Livingston
        Barnabas Health Behavioral Health Center, Toms River
        The Bristol-Myers Squibb Children's Hospital at RWJUH, New Brunswick
        The Children's Hospital of New Jersey at Newark Beth Israel Med. Center
        The Unterberg Children's Hospital at Monmouth Medical Center

13. Rutgers University Hospital ("Rutgers"), located in Newark, New Jersey, likewise expressly requires Board Certification in order to obtain medical staff privileges.

14. Rutgers posts its requirements online, which expressly state that "the application shall not be processed" unless the applicant has "acquire[d] board certification by an ABMS or AOA specialty within seven (7) years of completion of residency training."[1] For medical doctors in the field of orthopedic surgery, such as Dr. Ellison, the American Board of Medical Specialties ("ABMS") specialty society that issues Board Certification is Defendant ABOS.

15. St. Peter's University Hospital, located in New Brunswick, New Jersey, likewise expressly requires Board Certification as a condition of obtaining medical staff privileges.

16. The foregoing requirements exclude Dr. Ellison from obtaining

---

[1] http://www.uhnj.org/mdstfweb/documents/bylaws/Approved%20UH%20Medical%20Bylaws_3-16-2017.pdf (viewed Sept. 7, 2017).

medical staff privileges at the major hospitals in the regions of northern New Jersey served by the foregoing hospitals.

17. For reasons of professional growth and having relatives in New Jersey, Dr. Ellison seeks to apply and obtain medical staff privileges at one or more of the foregoing hospitals.

18. Dr. Ellison is prevented from obtaining such medical staff privileges, however, because Defendant ABOS will not allow him to take Part II of the examination in order to obtain Board Certification, and each of the foregoing hospitals requires Board Certification as a requirement for medical staff privileges.

19. A rejection of an application for medical staff privileges results in an automatic adverse entry in the National Practitioner Data Bank, which severely damages the reputation of a physician, and hence it is inadvisable for a physician such as Dr. Ellison to apply for medical staff privileges if a rejection is likely.

### Job Positions

20. Job openings for orthopedic surgeons in New Jersey typically require Board Certification or board eligibility, and typically require the attainment of medical staff privileges at a hospital.

21. Defendant ABOS's exclusion of Dr. Ellison renders it impossible for him to obtain any of these jobs because of his lack of Board Certification or Board eligibility under Defendant ABOS's rules.

### Dr. Ellison's Qualifications

22. Dr. Ellison is a highly qualified orthopedic surgeon, having obtained

an Engineering degree from the University of California at Berkeley, and a medical degree from Stanford University. Dr. Ellison successfully completed his residency in December 2002, and subsequently completed a fellowship in orthopedic surgery also.

23. Dr. Ellison has performed hundreds of arthroscopic surgeries, including shoulder, wrist, knee and ankle operations. He has also performed urgent and emergent surgeries, including fracture repair, during his years of providing orthopedic surgery emergency room coverage at Level 3 Trauma hospitals. He is a licensed Qualified Medical Evaluator performing Qualified Medical Evaluations (QME) and Independent Medical Examinations (IME).

24. In his entire career, Dr. Ellison's surgeries have resulted in only one major complication, which was merely an infection that was cleared with standard follow-up treatment. This is a very low complication rate.

25. As an African American, Dr. Ellison is a member of the National Medical Association, which promotes the collective interests of physicians and patients of African descent. But Dr. Ellison has unfairly lost membership in the American Academy of Orthopaedic Surgeons, which requires ABOS Board Certification.

**Defendant ABOS's Business**

26. Defendant ABOS conducts Board Certification and Maintenance of Certification (MOC) programs, at a substantial accounting profit.

27. Defendant ABOS arranges for the administration of its Board

6

Certification examinations at testing locations in New Jersey.

28. Defendant ABOS garners up to a million dollars or more annually in revenue directly from physicians located in New Jersey.

29. Defendant ABOS also communicates directly with hospitals and patients in New Jersey, providing an online list of which physicians hold Board Certification with the ABOS.

### Defendant ABOS's Requirement of Medical Staff Privileges

30. In or about April 2012, Defendant ABOS began strictly requiring that physicians must have hospital admitting and surgical privileges for 20 calendar months in order to take the ABOS oral examination for Board Certification, and began enforcing this requirement against physicians.

31. Defendant ABOS imposed this requirement of hospital admitting and surgical privileges in concert with hospitals, and this requirement restrains trade in an unreasonable manner because it arbitrarily excludes qualified physicians, including those who perform surgeries at ambulatory surgery centers, who had not been excluded under prior ABOS rules and procedures.

32. Many physicians who obtain ABOS Board Certification subsequently do not practice at hospitals, but operate at surgery centers exclusively, which illustrates that the requirement of hospital admitting privileges by Defendant ABOS is arbitrary and unreasonable.

33. This requirement of hospital admitting privileges by Defendant significantly reduces the supply of orthopedic surgeons who are available to

patients as consumers, and thereby reduces competition.

34. In addition, Defendant ABOS has acted in concert with health insurers and hospitals to "use Board Certification by [ABOS, an American Board of Medical Specialties] Member Board as an essential tool to assess physician credentials within a given medical specialty."[2]

35. Defendant ABOS thereby interferes with the practice of orthopedic surgery by qualified, highly trained physicians.

## The Relevant Market

36. The relevant market consists of Board Certification for orthopedic surgeons as required by hospitals in northern New Jersey as a condition of practicing medicine there.

37. Alternatively, the relevant market consists of orthopedic surgery services provided at hospitals in northern New Jersey.

## Market Power

38. Defendant ABOS is the exclusive entity for issuing Board Certification to M.D.'s as recognized by hospitals in New Jersey, including the foregoing listed hospitals, and thus Defendant ABOS has 100% market power over the relevant market.

---

[2] http://certificationmatters.org/faqs.aspx (viewed Sept. 4, 2017).

## COUNT I
### (Restraint of Trade in Violation of Section 1 of the Sherman Act)

39. Plaintiff incorporates herein all statements and allegations contained in this Complaint.

40. For personal and professional reasons, Dr. Ellison would like to obtain medical staff privileges at a hospital in a metropolitan area in northern New Jersey, preferably Jersey City, Newark, or New Brunswick.

41. The hospitals in New Jersey to which Dr. Ellison seeks to apply require that he have Board Certification by the ABOS.

42. Dr. Ellison successfully passed the written portion of Defendant ABOS's examination, also known as "Part I," as required in order to become Board Certified by Defendant.

43. By passing the Part I examination, Dr. Ellison demonstrated his competency, as the Part I examination has had a lower overall pass rate than the Part II examination.

44. By letter dated April 2012, the Executive Director of ABOS expressly informed Dr. Ellison that "[t]he Credentials Committee of the American Board of Orthopaedic Surgery has approved your admission to the 2012 Part II Examination. … Your exam will be on July 24, 25 or 26 at the Palmer House Hilton in Chicago, Illinois."

45. But subsequently Defendant ABOS refused to allow Dr. Ellison to take the Part II oral portion of its Board Certification examination, despite its prior

9

representation that he would be allowed to take the examination.

46. Defendant ABOS has restrained trade by acting in concert with hospitals for ABOS to require medical staff privileges as a condition of obtaining Board Certification, and for hospitals to require Board Certification by ABOS as a condition of granting medical staff privileges.

47. Defendant ABOS's foregoing actions have no legitimate justification, and have been undertaken by ABOS with a pecuniary interest to persuade and coerce other entities, including hospitals, to require its Board Certification and MOC.

48. Upon information and belief, Defendant ABOS denies many other qualified physicians the ability to take the Board Certification examinations and thereby become Board Certified.

49. Defendant ABOS's foregoing actions constitute an anticompetitive tying arrangement in violation of Section 1 of the Sherman Act.

50. Defendant ABOS's actions significantly reduce the availability of physicians in the relevant market, which reduces patient choice and increases health care costs.

51. Defendant ABOS has undertaken its actions with a common design and understanding with hospitals to exclude some competent orthopedic surgeons from the relevant market, including Dr. Ellison.

52. Defendant ABOS's agreements and concerted actions imposed, and continue to impose, an unreasonable restraint of trade.

53. Defendant ABOS's agreements and concerted actions are a *per se* violation of Section 1 of the Sherman Act because they are akin to a group boycott of a supplier, and thereby tend to restrict competition and decrease output with respect to medical services in the relevant market.

54. In the alternative, Defendant ABOS's agreements and concerted actions violate Section 1 of the Sherman Act under the rule of reason, by unreasonably restricting the ability of Plaintiff and other similarly situated orthopedic surgeons to provide services in the relevant market.

55. Patients are unlikely to sue for their losses due to this antitrust violation, so there is no potential for duplicative recovery or complex apportionment of damages.

56. Defendant ABOS's denial of Board Certification to Dr. Ellison has proximately caused him substantial losses in annual compensation, by preventing him from obtaining medical staff privileges at a hospital in a metropolitan area in northern New Jersey.

57. Dr. Ellison seeks a declaratory judgment that Defendant has violated Section 1 of the Sherman Act.

58. Dr. Ellison seeks an injunction against Defendant to require it to allow Dr. Ellison to take the oral examination part of its Board Certification.

59. Dr. Ellison seeks recovery of his losses in compensation as caused by Defendant ABOS.

60. Dr. Ellison seeks attorneys' fees under Sections 4 and 16 of the

Clayton Act, 15 U.S.C. §§ 15, 26.

## Demand for a Jury Trial

61.     Plaintiff hereby demands a jury trial pursuant to FED. R. CIV. P. 38(b) for all issues triable by jury.

## Prayer for Relief

Wherefore, Plaintiff respectfully requests the following relief:

(i)     that this Court adjudge and decree that Defendant ABOS has engaged in an unlawful conspiracy in restraint of trade in violation of Section 1 of the Sherman Act;

(ii)    that Defendant allow Plaintiff to take the oral examination, also known as the Part II examination, to attain Board Certification;

(iii)   that Defendant cease and desist from "tying" or requiring hospital admitting and surgical privileges as a pre-condition for taking its Board Certification examinations;

(iv)    that Plaintiff recover damages for his losses caused by Defendant's restraint of trade; and

(v)     that Plaintiff recover the cost of this suit together with reasonable attorneys' fees, and such other relief as found appropriate.

Respectfully submitted,

/s/ Andrew L. Schlafly

Andrew L. Schlafly (AS4533)
Attorney at Law
939 Old Chester Rd.

12

                                                              Far Hills, NJ 07931
                                                              Phone:  (908) 719-8608
                                                              Fax:  (908) 934-9207
                                                              Email: aschlafly@aol.com

                                                             Attorneys for Plaintiff
                                                                   Bruce E. Ellison, M.D.

Dated:  April 25, 2018